IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR24** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **WILBER SOLOMON-CORPENO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Modified Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 18), and the Defendant's supporting brief (Filing No. 19). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## FACTUAL BACKGROUND

The Defendant pleaded guilty to Count I of the Indictment charging him with illegally entering the United States on or about December 28, 2007. (Filing No. 1.) Paragraph 22 of the PSR assigns 3 criminal history points for an August 15, 1991, arrest for second degree robbery when the Defendant was 17 years of age. On September 26, 1991, the Defendant received a sentence of "60 months probation, 1 year jail, restitution." (PSR, ¶ 22.) However, on August 18, 1992, probation was revoked and the Defendant received a sentence of 3 years imprisonment. On November 2, 1996, he was discharged from parole. (PSR, ¶ 22.) On January 1, 16, 2001, the Defendant was arrested for illegal reentry. (PSR, ¶ 24.) He was deported on September 24, 2003, and again on April 1, 2004. (PSR, ¶¶ 25, 26.)

**DISCUSSION**

U.S.S.G. § 4A1.2(d)(1) provides that when a defendant was convicted under age 18 as an adult and received a sentence of imprisonment exceeding one year and one month, 3 criminal history points are assigned to the offense. As stated by the probation officer in the Addendum to the PSR, the Defendant was sentenced as an adult with respect to the prior offense. The Defendant argues that under the sentencing guidelines an adult or juvenile sentence for an offense committed prior to age 18 is counted only if the sentence was imposed within 5 years of the commencement of the instant offense. (Filing No. 18 (citing U.S.S.G. § 4A1.1 application note 3).)

The Defendant's application of the sentencing guidelines is in error. The portion of application note 3 to § 4A1.1 to which the Defendant cited applies only to offenses falling under U.S.S.G. § 4A1.1(c) for which 1 criminal history point is assessed. Rather, U.S.S.G. § 4A1.2(e)(1) applies, requiring that the Defendant be sentenced for the prior offense in question within 15 years of the commencement of the instant offense. *See United States v. Griess,* 971 F.2d 1368, 1374 n.4 (8th Cir. 1992). Relevant conduct applies in computing the 15-year period. U.S.S.G. § 4A1.2 application note 8. Given the Defendant's criminal history and history of prior illegal reentries as summarized above, clearly he was sentenced for the prior offense within the applicable 15-year period to a term exceeding one year and one month. Therefore, the Defendant's objections are denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 18) are denied;

2.	Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 9th day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge